UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE STEVENS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>SUWE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00427-ART-CSD<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiff Theodore Stevens brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1). On September 5, 2023, this Court ordered Stevens to either file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before November 6, 2023. (ECF No. 7). Before that deadline expired, Stevens filed documents that the Court construed as seeking an extension of time, and the Court extended the deadline to January 2, 2024. (ECF No. 13). The Court warned Stevens that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by the extended deadline. (*Id.* at 2). The extended deadline has expired, but Stevens did not file an application to proceed *in forma pauperis*, pay the required filing fee, or otherwise respond to the Court's order.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Stevens's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Stevens either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter an order setting a third deadline. But the reality of repeating an ignored order is that

1  it often only delays the inevitable and squanders the Court's finite resources. The
2  circumstances here do not indicate that this case will be an exception because
3  Stevens ignored the Court's second order. Setting a third deadline is not a
4  meaningful alternative given these circumstances. So the fifth factor favors
5  dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Theodore Stevens's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's September 5 and December 1, 2023, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Theodore Stevens wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or file a fully complete application to proceed *in forma pauperis*.

Dated this 8th day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE